# Availability of Judgment Fund in Cases Not Involving a Money Judgment Claim

The Judgment Fund is not available for suits that do not seek to require the government to make direct payments of money to individuals, but merely would require the government to take actions that result in the expenditure of government funds.

The Judgment Fund is available: (1) for the payment of final "money judgments" (but not for "non-money judgments") whose payment is not "otherwise provided for"; (2) for the payment of tort settlements covered by statutory provisions listed in 31 U.S.C. § 1304(a); and (3) for the payment of non-tort settlements authorized by the Attorney General or his designee, whose payment is not "otherwise provided for," if and only if the cause of action that gave rise to the settlement could have resulted in a final money judgment.

April 14, 1989

MEMORANDUM OPINION FOR THE ASSISTANT ATTORNEY GENERAL
CIVIL DIVISION

This memorandum responds to your request[1] for the opinion of this Office concerning the availability of the permanent appropriation established pursuant to 31 U.S.C. § 1304 ("the Judgment Fund") for the payment of judgments or settlements not involving "money judgment" claims, *i.e.*, "cases that are not framed in typical money damages terms [that] may nevertheless, at bottom, seek the expenditure of money by the government and are capable of compromise on that basis." Civil Memorandum at 1. We conclude: (1) that final judgments whose payment is not "otherwise provided for"[2] are payable from the Judgment Fund if

---

[1] Memorandum for Douglas W Kmiec, Acting Assistant Attorney General, Office of Legal Counsel, from John R Bolton, Assistant Attorney General, Civil Division, *Re: Use of the Judgment Fund for Settlement of Cases or Payment of Judgments that Do Not Involve a "Money Judgment" Claim* (July 21, 1988) ("Civil Memorandum")

[2] We reaffirm this Office's traditional position that a payment is "otherwise provided for" in two different situations. First, when a statute provides that particular kinds of judgments are to be paid from agency appropriations, the "otherwise provided for" criterion is satisfied with respect to judgments and settlements. Second, judgments or settlements incurred by agencies in the course of certain "business-type" programs are also "otherwise provided for." *See* Memorandum for D Lowell Jensen, Acting Deputy Attorney General, from Larry L. Simms, Deputy Assistant Attorney General, Office of Legal Counsel at 7-11 (Feb. 24, 1984); Memorandum for Abraham D Sofaer, Legal Adviser, Department of State, from Charles J Cooper, Assistant Attorney General, Office of Legal Counsel, *Re· Availability of Judgment Fund to Pay Compromise Settlement of Iranian Claim* at 4-5 (Feb. 16, 1988) The Comptroller General also has endorsed this two-pronged test for determining whether a payment is "otherwise provided for." *See* General

Continued

98

they require the government to make direct payments of money to individuals, but not if they merely require the government to take actions that result in the expenditure of government funds; (2) that a settlement is payable from the Judgment Fund if it involves a tort claim statutorily recognized in 31 U.S.C. § 1304(a), and its "payment is not otherwise provided for"; and (3) that a non-tort settlement is payable from the Judgment Fund under 28 U.S.C. § 2414 only if the litigation giving rise to the settlement could have required the direct payment of money by the government, had it resulted in a final judgment.

## I. Analysis

We start as always with the plain language of the statutory text at issue. The Judgment Fund statute, 31 U.S.C. § 1304, provides in pertinent part:

> (a) Necessary amounts are appropriated to pay final judgments, awards, compromise settlements, and interest and costs specified in the judgments or otherwise authorized by law when —
>
> (1) payment is not otherwise provided for;
> (2) payment is certified by the Comptroller General; and
> (3) the judgment, award, or settlement is payable —
>
> > (A) under section 2414, 2517, 2672, or 2677 of title 28;
> > (B) under section 3723 of this title;
> > (C) under a decision of a board of contract appeals; or
> > (D) in excess of an amount payable from the appropriations of an agency for a meritorious claim under section 2733 or 2734 of title 10, section 715 of title 32, or section 203 of the National Aeronautics and Space Act of 1958 (42 U.S.C. 2473).

Section 1304 thus imposes three requirements that must be met before the Judgment Fund may be utilized. First, the judgment must be payable pursuant to one of a number of specified sections of the U.S. Code.

---

[2] (...continued)
Accounting Office, *Principles of Federal Appropriations Law* 12-14 (1982) (describing first test) ("GAO Manual"), 62 Comp Gen. 12, 14 (1982) (describing second test) (Although the opinions of the Comptroller General, an agent of Congress, are not binding on the executive branch, we regularly consult these opinions for their informational and analytic value )

Second, there must not be another source of funds available to pay the judgment. Finally, payment of the judgment must be certified by the Comptroller General.

The final requirement — the necessity of certification by the Comptroller General — does not appear to impose any additional substantive requirements on access to the judgment fund. The Comptroller General's certification apparently follows from satisfaction of the other two requirements and completion of the necessary paperwork.[3] Thus, we need only determine whether the first condition precludes the payment of non-money judgment claims from the Judgment Fund. (The second condition is analyzed in note 1, *supra.*)

Two distinct categories of claims are payable from the Judgment Fund: final judgments and settlements. We examine those categories in turn.

## A. Final Judgments

As indicated above, 31 U.S.C. § 1304(a) plainly states that "[n]ecessary amounts are appropriated to pay final judgments, awards, compromise settlements, and interest and costs ... when ... the judgment, award, or settlement is payable" under any one of a specified list of statutory provisions. The primary statutory provision[4] in that list that applies to final judgments is the first paragraph of 28 U.S.C. § 2414, which states (emphasis added):

> Except as provided by the Contract Disputes Act of 1978, *payment of final judgments* rendered by a district court or the Court of International Trade against the United States shall be made on settlements by the General Accounting Office. *Payment of final judgments* rendered by a State or foreign court or tribunal against the United States, or against its agencies or officials upon obligations or liabilities of the United States, shall be made on settlements by the General Accounting Office after certification by the Attorney General that it is in the interest of the United States to pay the same.

---

[3] GAO itself takes this position, stating that the requirement of certification by the Comptroller General "is an essentially ministerial function and does not contemplate review of the merits of a particular judgment B-129227 (Dec. 22, 1960); *see also* 22 Comp. Dec. 520 (1916), 8 Comp Gen 603, 605 (1929) " GAO Manual, *supra* note 2, at 12-2. Indeed, we believe that were the requirement of certification to be other than a ministerial function it would raise serious questions under the Supreme Court's holding in *Bowsher v. Synar*, 478 U.S. 714 (1986) (Congress cannot constitutionally assign to the Comptroller General, an arm of Congress, the duty of executing the laws)

[4] Two other provisions authorize the payment of final judgments in specific types of cases, *viz*, 28 U.S.C. § 2517 (authorizing the payment of final judgments rendered by the United States Claims Court against the United States); and 31 U S.C. § 1304(a)(3)(C) (authorizing the payment of final judgments under "decision[s] of ... board[s] of contract appeals").

Since section 2414 encompasses *"payment of final judgments,"* by definition it only provides for disbursements from the Judgment Fund for judgments that are *payable, i.e.,* judgments that, by their terms, require the United States to pay specified sums of money to certain parties.[5] Applying this principle, final judgments that impose costs on the government, but do not require the United States to make specific cash disbursements, would appear to fall *outside* the scope of section 2414. Thus, for example, final judgments that required the United States to furnish subsidized housing,[6] or that required the United States to correct structural defects in housing,[7] would not be eligible for payment from the Judgment Fund (even though they might impose readily ascertainable money costs), because they would not require the United States to make cash payments to individuals. In sum, under our analysis, final court judgments against the United States that require *anything other than* the direct payment of specified sums of money may not be paid from the Judgment Fund.[8]

---

[5] The legislative history of section 2414 supports this conclusion, which is drawn from the plain meaning of the statute. At the time the Judgment Fund statute was originally enacted in 1956 (Supplemental Appropriation Act of 1957, Pub. L. No 84-814, § 1302, 70 Stat. 678, 694 (1956)), section 2414 only covered final judgments rendered by a federal district court When the first paragraph of section 2414 was revised in 1961 to authorize the payment of judgments rendered by state and foreign courts (previously that paragraph had only authorized the payment of federal court judgments), and the payment of settlements, the House and Senate Judiciary Committee Reports dealing with that revision favorably incorporated by reference a Justice Department letter that discussed the use of the Judgment Fund to pay judgments. With respect to judgments, that letter stated in pertinent part:

Prior to the enactment of the [judgment fund statute], . a large percentage of the judgments rendered against the United States were payable only upon the enactment of specific appropriations legislation for that purpose The enactment of that statute has materially reduced the administrative and legislative burdens involved in effecting the payments of judgments ... and it has substantially shortened the interval of the time between the entry of judgments and their satisfaction The legislation has both reduced the interest charges accruing upon judgments against the United States and the irritations inevitably associated with the delays occasioned by the former method of payment. The attached draft bill would .. provide a corresponding simplification in the procedures for the payment of judgments of State and foreign courts ..

S. Rep No 733, 87th Cong., 1st Sess 1-2 (1961), *reprinted in* 1961 U.S.C.C A N 2439, 2439; H.R. Rep. No 428, 87th Cong., 1st Sess 2 (1961).

In short, this discussion manifests an understanding that the Judgment Fund was designed to effect payments of final judgments without the need for the enactment of *specific appropriations* bills, and to prevent the *accrual of interest* on unpaid final judgments That understanding, which centers solely on *monetary* judgments (judgments that previously required specific appropriations and on which interest could accrue), supports the conclusion that the Judgment Fund is to be tapped for final judgments requiring the United States to pay specified sums of money Our interpretation squares with both the Civil Division's view and the Comptroller General's view of the legislative history. *See* Memorandum for Michael Jay Singer, Assistant Director, Appellate Staff, Civil Division, from Irene M. Solet, Attorney, Appellate Staff, *Re: Possible Use of the "Judgment Fund" For Payment of a Settlement in Garrett v City of Hamtramck* at 2 (July 12, 1988) ("Solet Memorandum") ("Congress contemplated that the fund would be used for money judgments"), B-193323, 1980 WL 17186 (C G ), at *3 (Jan 31, 1980) (the judgment fund was "established for the purpose of paying *money judgments* against the United States") (emphasis added)

[6] *See* Solet Memorandum, *supra* note 5, at 3.

[7] *See* B-193323, discussed in Solet Memorandum, *supra* note 5, at 2-3.

[8] Judgments rendered by the United States Claims Court (which are money judgments) and by boards of contract appeals are also specifically made payable from the Judgment Fund. *See supra* note 4

101

## B. Settlements

Several statutory provisions found in the Judgment Fund statute provide for the payment of settlements, including 28 U.S.C. § 2672 (authorizing the settlement of "any claim for money damages" against the United States for torts committed by the employee of any federal agency while acting within the scope of his employment); 28 U.S.C. § 2677 (authorizing the Attorney General to "arbitrate, compromise, or settle any claim cognizable under" 28 U.S.C. § 1346(b), the jurisdictional provision that allows courts to hear tort claims for money damages against the United States); and 31 U.S.C. § 3723 (authorizing agency heads to settle small tort claims for damage or loss to private property due to a federal officer's or employee's negligence). In addition, the Judgment Fund is available for the payment of the "excess of an amount payable from the appropriations of an agency for a meritorious claim under 10 U.S.C. §§ 2733-2734" (authorizing the Secretaries of military departments to settle tort claims arising out of the actions of their employees, at home or abroad), 32 U.S.C. § 715 (authorizing the Secretary of the Army or the Secretary of the Air Force to settle certain tort claims arising out of certain actions by members of the Army or Air National Guard), and 42 U.S.C. § 2473 (authorizing the NASA Administrator to settle certain tort claims arising out of NASA's activities). In short, 31 U.S.C. § 1304(a) contains a variety of specific provisions authorizing the payment of a variety of tort settlements from the Judgment Fund. The primary provision authorizing the payment of settlements from the Judgment Fund, is, however, 28 U.S.C. § 2414, the third paragraph of which provides:

> Except as otherwise provided by law, compromise settlements of claims referred to the Attorney General for defense of imminent litigation or suits against the United States, or against its agencies or officials upon obligations or liabilities of the United States, made by the Attorney General or any person authorized by him, shall be settled and paid in a manner similar to judgments in like causes and appropriations or funds available for the payment of such judgments are hereby made available for the payment of such compromise settlements.[9]

In short, under the third paragraph of section 2414, compromise settlements of suits against the United States, its agencies, or officials, made by the Attorney General or any person he authorizes, "shall be settled and

---

[9] The second paragraph of section 2414, not reproduced in this memorandum, is not relevant to the questions addressed herein. That paragraph merely specifies that the Attorney General's decision not to appeal a court judgment renders it final.

paid *in a manner similar to judgments in like causes.*" (Emphasis added.) By its very terms, this paragraph contemplates that the manner of payment for a settlement approved by the Attorney General or his designee turns upon the manner in which a "judgment[] in [a] like cause[]" would have been paid. Since the term "like cause[]" is not statutorily defined,[10] and its meaning is not self-evident, we turn to the principle of statutory construction that statutory provisions "relating to the same person or thing or having a common purpose" are in "pari materia [and] are to be construed together," *i.e.*, in a consistent manner. Black's Law Dictionary 711 (5th ed. 1979).[11] Applying this principle, we turn to the first paragraph of section 2414 (which shares with the third paragraph the "common purpose" of delineating the availability of the Judgment Fund) to gain insight into the manner in which judgments are to be paid. As previously discussed, the first paragraph makes it plain that final judgments requiring the direct payment of money are payable from the Judgment Fund, while non-money judgments must be paid from other sources. Accordingly, it is logical to infer that the reference to the "manner (of payment) similar to judgments in like causes" in the third paragraph of section 2414 is a shorthand term for linking the payment of a settlement to the payment either of a money judgment or of a non-money judgment. Employing this logic, if the underlying "cause[]" of a settlement could have led to a money judgment, had no settlement been reached, then the settlement, similar to the judgment, is payable from the Judgment Fund. On the other hand, if the underlying "cause[]" would have led to a non-money judgment, then the settlement, similar to the judgment, is not payable from the Judgment Fund. It therefore follows that, in determining whether a proposed settlement is payable from the Judgment Fund, the Attorney General or his designee should examine the underlying cause of action, and decide whether the rendering of a final judgment against the United States under such a cause would have required a payment from the Judgment Fund.

---

[10] The only congressional discussion of the phrase referring to "like causes" is a brief reference in the Senate and House Judiciary Committee Reports reiterating the plain statutory language H R Rep. No. 428, *supra* note 5, at 3 ("compromises effected by the Attorney General or any person authorized by him shall be settled and paid in the same manner as judgments in like causes"), S. Rep. No 733, *reprinted in* 1961 U S.C C A.N. at 2441, *supra* note 5, at 3 (same).

[11] The federal courts have recognized that when statutes are in pari materia they should be construed consistently, if at all possible *See, e.g., Haig v. Agee*, 453 U S. 280, 300-01 (1981) (statute making it unlawful to travel abroad without a passport even in peacetime must be read in pari materia with — *i e.*, in a manner harmonious with — the Passport Act), *FAIC Securities, Inc v. United States*, 768 F.2d 352, 363 (D C. Cir 1985) (National Housing Act and Federal Insurance Corporation Act are in pari materia since they share "the common purpose of insuring funds placed in depository institutions," and, therefore, "the two statutes .. cannot be construed to reach different results"); *United States v Stauffer Chemical Co*, 684 F.2d 1174, 1184, 1188 (6th Cir 1982), *cert granted*, 460 U.S. 1080 (1983), *aff'd*, 464 U.S 165 (1984) (provisions in pari materia "should be given the same meaning . section 114 of the Clean Air Act and section 308 of the Clean Water Act are in *pari materia*, and (therefore) should be interpreted the same way").

Our conclusion that section 2414 only authorizes Judgment Fund disbursements for settlements of causes that could have resulted in money judgments is consistent with the historical development of the Judgment Fund statute. When the Judgment Fund statute was enacted in 1956, only the payment of money judgments was provided for, *see supra* note 5. Had Congress wished to provide for the payment from the Judgment Fund of all settlements when it amended the Judgment Fund statute in 1961, presumably it would specifically have so indicated. Its failure to do so supports the conclusion that in extending the Judgment Fund statute to reach settlements, Congress believed it was only bringing within that statute's ambit settlements of causes that could have resulted in Judgment Fund disbursements, had such causes resulted in final money judgments, rather than settlements.

Finally, any conclusion that would permit the Judgment Fund to pay out settlements in cases in which it would not pay out judgments would provide agencies with an incentive to urge settlement of cases in order to avoid payment from agency funds. We would not lightly attribute to Congress an intent to create a structure that might encourage settlements that would not otherwise be in the interest of the United States.

## II. Conclusion

For the foregoing reasons, we conclude that the Judgment Fund is available: (1) for the payment of final "money judgments" (but not "non-money judgments") whose payment is not "otherwise provided for"; (2) for the payment of tort settlements covered by statutory provisions listed in 31 U.S.C. § 1304(a); and (3) for the payment of non-tort settlements authorized by the Attorney General or his designee, whose payment is "not otherwise provided for," if and only if the cause of action that gave rise to the settlement could have resulted in a final money judgment.

DOUGLAS W. KMIEC
*Assistant Attorney General*
*Office of Legal Counsel*

104